UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAIGE BENASUTTI, et al.,

Plaintiffs,

v.

SMARTE, INC.,

Defendant.

Case No. 26-cv-03764-NC

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT**

Re: ECF 1

This Court orders Defendant SMARTe, Inc. to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). If the case is a class action under Federal Rule of Civil Procedure 23, it can also have diversity jurisdiction under the Class Action Fairness Act (CAFA) as long as there is minimal diversity, at least 100 class members, and an amount in controversy greater than $5,000,000. 28 U.S.C. § 1332(d). The removing party has the burden of establishing that removal is proper. *Lindley Contours LLC v. AAAB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011).

Here, SMARTe alleges that this Court has diversity jurisdiction under CAFA.  ECF 1 ¶ 8.  As such, SMARTe must show by a preponderance of evidence that the amount in controversy exceeds $5,000,000.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (stating that when the damages are unstated in a complaint or are understated, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million").

SMARTe alleges in its Notice of Removal that the amount in controversy is satisfied if there are at least "16,667 members in the putative class and one violation each." ECF 1 ¶ 15.  SMARTe then argues that because "Plaintiffs allege 'there are thousands of consumers who are Class Members described above who have been injured by Defendant's practices' with '70% of North American contacts' available on SMARTe's website containing mobile numbers,' it is exceedingly plausible that the amount in controversy requirement under CAFA is satisfied."  ECF 1 ¶ 15 (citing ECF 1-1 (Compl.) ¶¶ 24, 38).  SMARTe offers no reasoning as to how it translated Plaintiffs' allegations of "thousands" of class members to at least 16,667 class members.  And the Court cannot assess the plausible number of class members with the 70% figure alone, as SMARTe does not allege figures like how many North American contacts are available on the website and how many of those are from Colorado.  *See* Compl. ¶ 13 (limiting class to "[a]ll persons in Colorado whose cellular telephone numbers were listed on Defendant's website").

The Court therefore cannot find that there is diversity jurisdiction under CAFA. Accordingly, Defendant SMARTe must show cause in writing by May 15, 2026, that this case should not be remanded back to state court for lack of subject matter jurisdiction. Plaintiffs may file a response by May 22, 2026.

**IT IS SO ORDERED.**

Dated: May 1, 2026                    _____

NATHANAEL M. COUSINS
United States Magistrate Judge

2