CLARK HILL LLP
Myriah V. Jaworski (SBN 336898)
mjaworski@ClarkHill.com
505 Montgomery Street
13th Floor
San Francisco, CA 94111
Telephone:    (415) 984-8500
Facsimile:    (415) 984-8599

*Attorneys for Defendant Smarte, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE BENASUTTI and KELLY HUISKAMP, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMARTE, INC.,<br><br>Defendant. | Case No. 5:26-cv-03764-NC<br><br>**DEFENDANT SMARTE, INC.'S RESPONSE TO ORDER TO SHOW CAUSE** |

Defendant SMARTe, Inc. ("Defendant") submits this response to the Court's Order to Show Cause (Dkt. No. 4).

Plaintiffs' Complaint plausibly alleges that the "matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d). Plaintiffs' putative class includes "[a]ll persons in Colorado whose cellular telephone numbers were listed on Defendant's website." Compl. ¶ 34. Plaintiffs' screenshot of a search conducted by Plaintiffs' counsel yielded 1.08 million results of Defendants websites of "individuals located in Colorado." Compl. ¶ 18. Under Plaintiffs' theory, each of these 1.08 million individuals is a putative class member. Compl. ¶¶ 18, 34. 1.08 million potential class members multiplied by the minimum statutory damage amount of $300 yields

$324,000,000 in damages, far surpassing the $5,000,000 CAFA amount in controversy threshold. Accordingly, this case should not be remanded back to state court for lack of subject matter jurisdiction for the reasons set forth below.

I.      **CAFA Requires Only Plausible Allegations that Support an Inference that the Amount in Controversy Exceeds $5,000,000**

Pursuant to the Class Action Fairness Act ("CAFA"), where the proposed class involves 100 or more members "[t]he district court shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which. . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5).

Where a plaintiff's complaint "does not enumerate the putative class's claimed damages [….] a removing defendant need only allege in its notice of removal that the amount in controversy requirement is met." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014)). Thereafter, where the amount in controversy calculation for removal under CAFA is contested or questioned by the court, the applicable evidentiary standard is dependent on the allegations present in the complaint. *See Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193 (9th Cir. 2015); *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019); *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989 (9th Cir. 2022).

When the claimed amount in controversy is challenged, "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1197-98. An assumption may be reasonable if it is founded on the allegations of the complaint. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citing *Ibarra*, 775 F.3d at 1199-99). Screenshots depicting website interfaces are properly considered part of a complaint. *See Laatz v. Zazzle, Inc.*, 682 F.Supp.3d 791 (N.D. Cal. 2023); *F.T.C. v. Amazon.com, Inc.*, 71 F. Supp. 3d 1158 (W.D. Wash. 2014).

DEFENDANT SMARTE, INC.'S RESPONSE TO ORDER TO SHOW CAUSE
105227\1015039\287800387

**II.    CAFA's Amount in Controversy Requirement is Plausibly Alleged by Plaintiffs' Own Allegations.**

**A.    Relevant Allegations**

Plaintiff asserts a single count under the Colorado Prevention of Telemarketing Fraud Act, Colo. Rev. Stat. §§ 6-1-301, *et seq.* ("PFTA"). The PFTA prohibits "list[ing] a cellular telephone number in a directory for a commercial purpose" without consent. Colo. Rev. Stat. § 6-1-304(4)(a).

According to Plaintiffs, Defendant operates a website (smarte.pro, the "Website") that is an "online business-to-business or "B2B Lead Generation Directory Service[, a] platform[] … that facilitate[s] identifying and acquiring potential business-to-business leads." Compl. ¶ 15. In short, Plaintiffs claim that the Website's users can conduct searches on the Website for business contacts (i.e., "leads"), which according to Plaintiffs, includes the leads' cell phone numbers and email addresses. Compl. ¶¶ 15-20. Defendant allows users to access its website for free or upon various tiers of paid subscriptions. Compl. ¶ 21. Plaintiffs' core theory is that the Website operates as a directory with the ability to obtain leads that contain Colorado residents' cellular phone numbers, is violation of the PFTA. Compl. ¶¶ 15-25. Indeed, Plaintiffs defined the class as "[a]ll persons in Colorado whose cellular telephone numbers were listed on Defendant's website, www.smarte.pro, during the applicable statute of limitations." Compl. ¶ 34.

**B.    The Amount in Controversy Exceeds $5,000,000 Based on Plaintiffs' Own Allegations**

In support of Plaintiffs' PFTA theory, the complaint contains screenshot of "a search for individuals located within Colorado on the smarte.pro Website." Compl. ¶ 18.

3    CASE NO. 5:26-CV-03764-NC

DEFENDANT SMARTE, INC.'S RESPONSE TO ORDER TO SHOW CAUSE

105227\1015039\287800387

The top right corner of the screenshot indicates that Plaintiffs' counsel's search yielded **1.08 million** results for "individuals located in Colorado." Compl. ¶ 18. Based on Plaintiffs' allegations, each of one these 1.08 million "leads" is a putative class member. Compl. ¶¶ 18, 34.

The Complaint seeks recovery of statutory damages under the PFTA, which is "at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense." § 6-1-305(1)(c); Compl. ¶ 53.

1.08 million potential class members multiplied by the minimum statutory damage amount of $300 yields $324,000,000 in damages, far surpassing the $5,000,000 CAFA amount in controversy threshold based on statutory damages alone. *See, e.g.*, *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994-95 (9th Cir. 2022) (in reversing remand after removal, reasoning that the defendant had done plausible math in its notice of removal based on various assumptions for purposes of estimating the amount in controversy).

Although all 1.08 million "leads" from Plaintiffs' search may not become a class member, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them"). "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted).

As set forth in Defendant's notice of removal, CAFA's $5,000,000 threshold is met only if the putative class definition included 16,667 members. As demonstrated by Plaintiffs' screenshot, it would require only 1.55% of the 1.08 million "leads" to meet this threshold.  The 1.08 million search results plausibly demonstrates that the amount in controversy is satisfied.

The potential for costs of "declaratory relief," "injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class," and recovery of "reasonable

CASE NO. 5:26-CV-03764-NC

DEFENDANT SMARTE, INC.'S RESPONSE TO ORDER TO SHOW CAUSE

105227\1015039\287800387

attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c)" further lowers the threshold. Compl. ¶ 53. *Anderson v. Seaworld Parks and Entertainment, Inc.*, 132 F.Supp.3d 1156, 1161 (2015) ("the amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant."); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018) (courts must include future attorneys' fees recoverable by statute or contract when assessing whether CAFA's amount-in-controversy requirement is met).

For example, "[t]he benchmark for class action attorneys' fees in the Ninth Circuit is 25%, 'with 20-30% as the usual range.'" *Serrieh v. Jill Acquisition LLC*, 707 F.Supp.3d 968 (E.D. Cal. 2023) (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)). Factoring in attorneys' fees with statutory damages, the minimum amount of class members needed to meet the $5,000,000 CAFA threshold decreases to 13,334 class members, which is merely 1.23% of the 1.08 million "leads" from Plaintiffs' search.[1] Alternatively, using the maximum assumption that all 1.08 million "leads" from Plaintiffs' search are potential class members with one violation each, the award for attorneys' fees could be as high as $81,000,000.[2]

Considering the costs of compliance with injunctive relief and declaratory relief would drive these thresholds even lower. Here, the costs of compliance with the injunctive relief sought by Plaintiffs would potentially include changes to Defendant's website design or its business model. *Harrington v. Airbnb, Inc.*, No. 3:17-CV-00558-YY, 2017 WL 3392496, at *5 (D. Or. July 21, 2017) (amount in controversy calculation properly included Defendant's estimated costs of modifying its website to comply with Plaintiffs' requested injunctive relief); *see generally Int'l Padi, Inc. v. Diverlink*, No. 03-56478, 2005 WL 1635347 (9th Cir. July 13, 2005) ("in determining the amount in controversy, we may also include the value of the requested injunctive relief to either party." (citations omitted)).

---

[1] If there were $4,000,000 in statutory damages, attorneys' fees would be estimated at $1,000,000 based on Ninth Circuit benchmark for attorneys' fees at 25%, and the combined total satisfies the $5,000,000 CAFA threshold. To reach $4,000,000 in statutory damages with one violation each, there would need to be 13,334 putative class members.

[2] Calculated using Ninth Circuit benchmark for attorneys' fees at 25%, and maximum calculation of $324,000,000 in statutory damages based on putative class of approximately 1.08 million.

DEFENDANT SMARTE, INC.'S RESPONSE TO ORDER TO SHOW CAUSE
105227\1015039\287800387

**III.    CONCLUSION**

For the foregoing reasons, the amount in controversy requirement under CAFA is met, and Defendant requests that the Court maintain jurisdiction over this matter.

Dated:  May 15, 2026                              CLARK HILL LLP


                                                  By:    */s/ Myriah V. Jaworski*
                                                         Myriah V. Jaworski

                                                  *Attorney for Defendant SMARTE, INC.*

DEFENDANT SMARTE, INC.'S RESPONSE TO ORDER TO SHOW CAUSE
105227\1015039\287800387