CLARK HILL LLP
Myriah V. Jaworski (SBN 336898)
mjaworski@ClarkHill.com
505 Montgomery Street
13th Floor
San Francisco, CA 94111
Telephone: (415) 984-8500
Facsimile: (415) 984-8599

*Attorneys for Defendant Smarte, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAIGE BENASUTTI and KELLY HUISKAMP, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMARTE, INC.,<br><br>Defendant. | Case No. 5:26-cv-03764-EKL<br><br>**JOINT STATUS REPORT RE: SUMMARY JUDGMENT PRACTICE [ECF NO. 26]** |

Plaintiffs Paige Benasutti and Kelly Huiskamp ("Plaintiffs") and SMARTe, Inc. ("Defendant") (together with Plaintiffs, the "Parties") hereby submit this Joint Status Report pursuant to the Court's Order Regarding Summary Judgment Practice (ECF No. 26).

**<u>DEFENDANT'S POSITION:</u>**

Plaintiffs assert a single claim under Colorado's "Prevention of Telemarketing Fraud Act," which prohibits a person from knowingly "[l]ist[ing] a cellular telephone number in a directory for a commercial purpose" without consent. (ECF No. 1-1 ["Compl."] at ¶¶ 3, 46 [quoting Colo. Rev. Stat. § 6-1-304(4)]). Plaintiffs' theory is that Defendant's internet-based platform constitutes a "directory" and that a prohibited "listing" for a "commercial purpose" occurs when a user of Defendant's platform uses a "reveal" feature. (Compl. ¶¶ 17–22). Specifically, Plaintiffs allege

that when a Platform user clicks a “reveal” button on an individual’s profile on the Platform, the Platform deducts a credit and then displays that individual’s cellular phone number (assuming one is available). (Compl. ¶¶ 17–22). Plaintiffs’ theory is that the display of that phone number after clicking “reveal” (none is shown prior) triggers the alleged violation. (Compl. ¶ 22). Defendant’s early investigation demonstrates that no “reveal” occurred for either of the Plaintiffs by an independent third-party. Rather, any “reveals” for the Plaintiffs were by their own counsel in preparation of this litigation.

These facts are easily dispensable and negate the necessary element of Plaintiffs’ claim that a “listing” for a “commercial purpose” occurred. Defendant understands that it will need to seek leave of Court before filing a second motion for summary judgment, and that a judgment in its favor prior to class certification “binds only the named plaintiffs.” *Schwarzschild v. Tse*, 69 F.3d 293, 295–97 (9th Cir. 1995). Nonetheless, Defendant prefers to proceed with its early motion for summary judgment because it is likely to allow for an early and efficient resolution of Plaintiffs’ single PFTA claim.

**Proposed Scope of Discovery.** Defendant does not object to limited scope discovery related to the issue in dispute in Defendant’s motion for summary judgment (*i.e.*, information related to confirming that a reveal of Plaintiffs’ cellular phone numbers occurred on Defendant’s Platform). Defendant proposes that relevant discovery is limited to: (a) documentary evidence related to Defendant’s investigation confirming that no reveals occurred based on the Platform’s operation; and (b) a 30(b)(6) deposition regarding Defendant’s investigation confirming that no reveals occurred. Defendant expects that document discovery will be less than 10 documents (and more likely a single ESI file). Defendant requests that all other discovery be stayed.

The Court’s August 6th Order directs “[t]he parties shall make substantial good-faith efforts to reach a stipulation regarding a briefing schedule and the scope of discovery needed for the early motion for summary judgment.” (ECF No. 26 at 1). The Parties conferred by Zoom on August 20th. During that conference, Plaintiffs did not propose any scope of discovery regarding summary judgment or attempt to articulate the information it would need to oppose summary judgment on the “listing” issue. Additionally, Defendant provided Plaintiffs its draft of the joint

report which includes the above paragraph discussing Defendant's proposed scope of discovery. Yet, Plaintiffs statement below does not respond with any statement regarding whether that scope of discovery would be sufficient or whether they would require supplemental information. Thus, Plaintiffs' statement that Defendant is "unilaterally setting the scope of discovery" is entirely self-serving and disingenuous. Plaintiffs had an opportunity (and were ordered) to discuss what discovery they would be need to response to Defendant's summary judgment motion, but refused to engage in the good faith conferral. Indeed, Plaintiffs acknowledge below that their existing discovery requests seek not only information needed to oppose Defendant's forthcoming motion for summary judgment, but also "the bulk of what would be needed for class certification and potentially an offensive summary judgment motion of their own." That admission confirms that the discovery Plaintiffs seek is broader than the limited discovery ordered by the Court as necessary to address Defendant's forthcoming motion.

In short, Plaintiffs have not made a good faith effort to confer regarding "the scope of discovery needed for the early motion for summary judgment," as ordered by this Court. It appears that Plaintiffs have not conferred with Defendant on this issue in fear their claim will be disposed of on this simple factual issue, and in the hopes that their obstruction will lead to the Court disallowing Defendant's early summary judgment motion. The Court should not reward Plaintiffs' disobedience with its August 6th Order.

**<u>Proposed Schedule for Summary Judgment.</u>**

Defendant agrees to Plaintiffs' proposed schedule, except for the first row that requires Defendant to answer served discovery (which related to full class and merits discovery). Defendant requests that all discovery unrelated to the motion for summary judgment be stayed.

Defendant notes that the process for discovery could have been expedited if the parties conferred regarding the scope of discovery as ordered by this Court (which would have obviated the need for formal requests and responses). Nonetheless as compromise, Defendant will agree to Plaintiff's proposed schedule.

Defendant notes that prior to Plaintiffs submitting their proposal, Defendant proposed the following schedule:

- Defendant will file its motion for summary judgment and produce all limited scope discovery within 21 days of the Court's order. As set forth above, Defendant expects that production will be less than ten documents (likely a single document) related to demonstrating the no "reveals" occurred,
- Plaintiffs' opposition to Defendant's motion for summary judgment is due 75 days thereafter (or longer if the Plaintiffs reasonably require more time). During that period, Plaintiffs will be able to review Defendant's production, complete a 30(b)(6) deposition, and prepare their opposition brief.
- Defendant's reply will be due 21 days thereafter.

**Plaintiffs' Assertions that Early Summary Judgment and Limited Scope Discovery Will Not Allow of Efficient Resolution.**

*First*, Plaintiffs argue that summary judgment on the lack of a "listing" will not dispose of the case because Plaintiffs could seek injunctive relief. However, whether Plaintiffs have a basis and standing to obtain prospective injunctive relief: (a) when they have not suffered a substantive violation, (b) when Plaintiffs have been removed from the platform, (c) based on a prospective fear of a future violation and based on a party's mere possession of phone number, are all pure legal questions. These issues can be addressed in Defendant's summary judgment motion. Plaintiffs argue this issue requires "fulsome" discovery, but never articulates what that would entail.

*Second*, Plaintiffs argue that Defendant's early motion for summary judgment will not create efficiencies because they have "already issued written discovery" (which was issued in response to Defendant informing Plaintiffs of their intent to file an early motion for summary judgment). But obviously issuing discovery is the easy part. The hard part is preparing discovery objections, collecting documents and ESI, conferrals with opposing counsel, and resolving discovery disputes with the Court's intervention. A majority of that burden falls on Defendant in a consumer class action case. An early summary judgment with limited discovery will avoid all of that. Accordingly, Defendant's proposal for an early summary judgment motion with limited scope discovery will still conserve significant party and judicial resources.

*Third*, Plaintiffs threaten to seek "leave from the Court to amend their Complaint" to add new Plaintiffs. Because Defendant has answered, Plaintiffs require this Court's leave to amend. Fed. R. Civ. P. 15(a)(2). If Plaintiffs' claims fail as a matter of law, there would be no case in which new Plaintiffs' could substitute. In any event, a threat of future amendment by Plaintiffs' counsel is not a basis to avoid immediate disposition of the claims currently pending before the Court. Indeed, it is clear why Plaintiffs' counsel has not filed claims for clients for whom they claim they have viable claims. Plaintiffs' counsels' statements cast doubt on the prefiling investigation conducted by counsel prior to filing of this claim and others.

**PLAINTIFFS' POSITION:**

Plaintiffs disagree that early summary judgment and phasing of discovery is appropriate, for three reasons. First, Defendant's contemplated summary judgment motion would not "allow for an early and efficient resolution of Plaintiffs' single PFTA claim" because it is not case-dispositive. Even if Defendant is being honest that "no 'reveal'" of either Plaintiff's cellular telephone number "occurred … by an independent third-party," and is legally correct that such facts "negate the necessary element of Plaintiffs' claim that a 'listing' for a 'commercial purpose' occurred"[1] that does not impact Plaintiffs' claims for injunctive relief. *See* Compl. ¶ 53 (seeking "(2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class, including an Order requiring Defendant to comply with the PTFA."). Because Plaintiffs' cellular telephone numbers are capable of search and "reveal" (which Defendant concedes in this very report), Plaintiffs have standing to seek such an injunction.

Second, and relatedly, even if Defendant's contemplated motion is granted as to Plaintiffs' damages claims, that result could be mooted by amendment. As the Court recognized, "any judgment obtained prior to class certification 'binds only the named plaintiffs.'" ECF No. 26 at n.1. Should Defendant succeed in obtaining a judgment as to the named Plaintiffs' damages claims, Plaintiffs anticipate that they may seek leave from the Court to amend their Complaint to add additional Plaintiffs and representatives of the putative Class whose profiles were "revealed" by

[1] Defendant is not correct on this point.

third parties.[2] Meanwhile, fulsome discovery will be necessary regardless of the success of Defendant's contemplated motion for Plaintiffs' injunctive claims, for which Plaintiffs could seek certification of a Rule 23(b)(2) class. *See* Compl. ¶ 36 (reserving the right to "amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.").

Third, Plaintiffs have ***already*** served discovery, and Defendant's responses and objections are due on September 14, 2026. At this point, it is much more efficient for Defendant to simply respond to the discovery already issued, which would provide Plaintiffs nearly everything they need not only to oppose summary judgment (following a 30(b)(6) deposition, which Defendant contemplates anyway), but also provide the bulk of what would be needed for class certification and potentially an offensive summary judgment motion of their own.

Accordingly, Plaintiffs strongly oppose Defendant's irregular and prejudicial proposal for early summary judgment briefing.

In the event that the Court is inclined to proceed with Defendant's proposed early summary judgment motion, Plaintiffs cannot agree to Defendant unilaterally setting the scope of discovery and selecting which documents are relevant for opposition to a motion that Plaintiffs have not even seen yet, nor can Plaintiffs reasonably predict the entirety of discovery that will be necessary to oppose Defendant's motion before they have seen it. Requiring otherwise at this early stage of litigation would violate both Rule 56 and Plaintiffs' due process rights. Assuming the Court orders the Parties to proceed with summary judgment at this time (which Plaintiffs oppose), Plaintiffs' below proposed schedule contemplates service of summary judgment-specific discovery following receipt of the motion, so Plaintiffs can review it and serve any necessary discovery accordingly. It also provides time for resolving disputes, which would include any that Defendant chooses to raise regarding scope. Once any disputes are resolved and Plaintiffs have had a chance to do any necessary summary judgment-specific 30(b)(6) depositions (which Plaintiffs would reserve the

[2] Plaintiffs do not concede that Defendant's argument is dispositive. Rather, Plaintiffs point out that even if the argument *is* dispositive, it will not dispose of this class case, nor is it likely to have any lasting effect.

right to repeat or keep open in the event summary judgment is denied or any grant of summary judgment is mooted by amendment) Plaintiffs can submit an opposition. Plaintiffs again reiterate the inefficiencies inherent in proceeding in this manner. Plaintiffs are happy to discuss these issues further at the case management conference.

Should the Court order expedited summary judgment discovery and briefing, Plaintiffs propose the following schedule (with a respectful request that the Parties be permitted to discuss precise dates at the upcoming case management conference to avoid holidays, pre-planned vacations, etc.):

| **Deadline** | **Date** |
|---|---|
| Deadline for Defendant to respond to the discovery already issued by Plaintiffs | September 14, 2026 (consistent with Fed. R. Civ. P. 33 and 34) |
| Deadline for Defendant to file its motion for summary judgment | 21 days following Court's order |
| Plaintiffs serve any additional limited scope discovery needed (or, if the Court is inclined to disallow Plaintiffs' already issued discovery requests, Plaintiffs serve whatever discovery they contend is necessary to oppose Defendant's motion). | 30 days following date Defendant files its motion for summary judgment |
| Deadline for Defendant to object or respond to Plaintiffs' additional discovery requests and to | 30 days following issuance of requests |
| Deadline for Defendant to substantially complete production of responsive documents | 21 days following Defendant's objections or responses |
| Deadline for Parties to file joint letter regarding any outstanding discovery disputes | 21 days following Defendant's deadline to substantially complete production of responsive documents |
| Deadline for Plaintiffs to conduct 30(b)(6) deposition(s) | 30 days following deadline for Parties to file joint letter regarding any outstanding discovery disputes (if no disputes) or to be set by Court following resolution of discovery disputes |
| Deadline for Plaintiffs to oppose summary judgment | 30 days following deadline for 30(b)(6) deposition |
| Deadline for Defendant to file reply in support of summary judgment | 21 days following Plaintiff's opposition deadline |

For Defendant SMARTe, Inc.

By: *_/s/ Myriah V. Jaworski_*

For Plaintiffs Paige Benasutti, Kelly Huiskamp, and the Proposed Class

By: *_/s/ Matthew Girardi_*

Myriah V. Jaworski

Matthew Girardi

**Clark Hill LLP**
Myriah V. Jaworski
mjaworski@clarkhill.com
505 Montgomery Street
13th Floor
San Francisco, CA 94111

**Bursor & Fisher, P.A.**
Matthew Girardi (*Pro Hac Vice*)
mgirardi@bursor.com
50 Main Street Suite 475
White Plains, New York 10606
(914) 874-0708

**Crosner Legal, P.C.**
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, California 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
Adam C. York (*Pro Hac Vice*)
adam@crosnerlegal.com
1021 West Adams St., Ste. 200
Chicago, Illinois 60607

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), the undersigned attests that all signatories have reviewed and concurred in the filing of the document.

*/s/ Myriah V. Jaworski*
Myriah V. Jaworski